UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| SAMANTHA GRIFFIN, } | |
| } | |
| **Plaintiff,** } | |
| } | |
| v. } | Case No.: 1:19-cv-963-ACA |
| } | |
| ED SYED AUTOMOTIVE LLC, et al., } | |
| } | |
| **Defendants.** | |

## MEMORANDUM OPINION AND ORDER

This case is before the court on Plaintiff Samantha Griffin's motion for default judgment against Defendant Ed Syed Automotive, LLC ("ESA"). (Doc. 29). Ms. Griffin filed suit against ESA for the damages resulting from the purchase of a 2017 Toyota Tacoma.[1] (*See generally* Doc. 17). Ms. Griffin asserts claims for violations of Truth in Lending Act (Count One); breach of contract (Count Two); negligence, recklessness, and wantonness (Count Three); negligent hiring, negligent supervision, and negligent retention (Count Four); fraud, suppression, misrepresentation, and deceit (Count Five); breach of express warranties (Count Six); breach of implied warranties of merchantability and fitness for a particular

---

[1] The amended complaint calls the truck both a Tacoma and a Tundra. (See Doc. 17 at 5, ¶¶ 12–13, 16, 34).

purpose (Count Seven); violations of the Magnuson Moss Warranty Act (Count Eight); and "revocation of acceptance" (Count Nine). (*Id.* at 8–25).

The court **GRANTS IN PART** and **DENIES IN PART** Ms. Griffin's motion for default judgment. Because the well-pleaded allegations made in the amended complaint state claims for violations of the Truth in Lending Act (Count One), breach of contract (Count Two), negligence (Count Three), fraud (Count Five), breach of express warranty (Count Six), breach of the implied warranties of merchantability and fitness for a particular purpose (Count Seven), and violations of the Magnuson Moss Warranty Act (Count Eight) the court **GRANTS** the motion as to those claims. Because neither the allegations nor the evidence submitted to the court could establish a claim for recklessness or wantonness (Count Three), or negligent hiring, negligent supervision, or negligent retention (Count Four), the court **DENIES** the motion for default judgment on those claims. Finally, because revocation of acceptance (Count Nine) is not a cause of action, the court **DENIES** the motion for a default judgment on that claim.

Because the evidence of damages submitted at the hearing on the motion for default judgment establish damages, the court **WILL ENTER FINAL JUDGMENT** in favor of the Ms. Griffin, and against ESA in the amount of $31,220.24.

**I.        FACTS**

A defaulting defendant "admits the plaintiff's well-pleaded allegations of fact" for purposes of liability.  *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (quotation marks omitted).  Accordingly, for purposes of this motion, the court takes as true the well-pleaded allegations of Ms. Griffin's amended complaint.

In January 2019, Ms. Griffin went to ESA to buy an 8-cylinder engine truck. (Doc. 17 at 5 ¶ 12).  She specifically told the ESA salesman that she required a truck with 8 cylinders because she needed the truck to tow a trailer.  (*Id.*).  The salesman told Ms. Griffin that ESA only had a Toyota 6-cylinder truck, but that the truck was suitable for her stated purposes.  (*Id.* at 5 ¶ 13).  Ms. Griffin also asked the salesman if the truck had been wrecked and was assured it had not.  (Doc. 17 at 5 ¶ 13).  Based on the salesman's representations, Ms. Griffin purchased the truck from ESA.  (*Id.*). To fund the purchase, Ms. Griffin traded in a 2010 Mustang and financed the remaining purchase price through ESA.  (*Id*. at ¶ 14).

Ms. Griffin executed a retail installment contract with ESA to complete her purchase of the truck.  (Doc. 17 at 5 ¶ 15).  The retail installment contract indicates a $100 charge for "Government Certificate of Title Fees."  (*Id.*)  Ms. Griffin later discovered that the actual amount charged for a title application in Alabama is statutorily set at $16.50.  (*Id.*).

After Ms. Griffin purchased the truck, she quickly realized it was a 4-cylinder engine. (Doc. 17 at 6 ¶ 16). She also discovered that the truck was unsuitable for towing. (*Id.*) In addition, Ms. Griffin discovered additional undisclosed damage to the truck which caused the truck to leak and accumulate water in the driver's side foot well. (Doc. 17 at 6 ¶ 17).

After making these discoveries, Ms. Griffin promptly notified ESA. (Doc. 17 at 6 ¶ 18). ESA did not respond to Ms. Griffin's complaints and refused to provide any remedy. (*Id.*). Consequently, Ms. Griffin filed a dispute with the American Arbitration Association ("AAA"), as required by ESA sales contract. (*Id.* at ¶ 19). However, because ESA failed to comply with AAA rules and pay the arbitration fees, AAA declined to administer the dispute. (*Id.* at ¶ 20). Having no other recourse, Ms. Griffin filed suit against ESA in this court. (Doc. 1).

## II.    DISCUSSION

### 1. Entry of Default Judgment

Federal Rule of Civil Procedure 55 establishes a two-step procedure for obtaining a default judgment. First, when a defendant fails to plead or otherwise defend a lawsuit, the Clerk of Court must enter the party's default. Fed. R. Civ. P. 55(a). Second, if the defendant is not an infant or an incompetent person, the court may enter a default judgment against the defendant as long as the well-pleaded allegations in the complaint

state a claim for relief. Fed. R. Civ. P. 55(b); *Nishimatsu Contr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[2]

Here, Ms. Griffin has obtained from the Clerk an entry of default against ESA, so she has satisfied the first step of the procedure. (Doc. 25). The court must now determine whether the well-pleaded allegations and evidence submitted in support of default judgment establish that ESA is liable for the alleged claims.

To do so, the court must determine whether the claims would "survive a motion to dismiss for failure to state a claim." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015). "When evaluating a motion to dismiss, a court looks to see whether the complaint 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (some quotation marks omitted) (alteration in original). A claim to relief is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)) (quotation marks omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678.

The court, having considered the amended complaint, finds that Ms. Griffin has satisfied this standard with respect to Counts One (Truth in Lending Act), Two (breach of contract), Five (fraud), Six (breach of express warranties), Seven (breach of implied warranties of merchantability and fitness for a particular purpose), and Eight (violations of the Magnuson Moss Warranty Act). Accordingly, the court **GRANTS** default judgment as to those claims. The remaining claims warrant more discussion, however.

In Count Three, Ms. Griffin asserts claims for negligence, recklessness, and wantonness. After Ms. Griffin filed her motion for a default judgment, the court issued a show cause order asking whether Alabama law permits a court to enter a judgment on claims of negligence and wantonness arising out of the same acts. (*See* Doc. 30). Ms. Griffin opted to proceed only on her claim for negligence. (*See* Doc. 34). The court now finds that she has stated a claim for negligence and **GRANTS** default judgment as to that claim. The court therefore **DENIES** the motion for a default judgment on the claims of wantonness and recklessness.

Regarding Count Four, although Ms. Griffin's motion acknowledges the existence of her claims of negligent hiring, supervision and retention, her amended complaint makes no allegations to support that claim, nor does her motion for a

6

default judgment present any argument or evidence in support of that claim. Accordingly, the court **DENIES** the motion for default judgment as to the claims of negligent hiring, supervision and retention.

Finally, with respect to Count Nine, Ms. Griffin attempts to assert a claim for "revocation of acceptance." (Doc. 17 at 25). Under Alabama law, revocation of acceptance is a remedy, not a separate cause of action. Accordingly, the court **DENIES** the motion for default judgment as to Count Nine.

2.  Award of Damages

Ms. Griffin seeks damages in the total amount of $51,758.44. (Doc. 29 at 16). Because the amount claimed was not a liquidated sum or one capable of mathematical calculation, *see* Fed. R. Civ. P. 55(b)(1), the court held an evidentiary hearing to establish the necessary facts. *See Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985).

Having reviewed the evidence offered at the damages hearing, the Court finds that ESA's actions proximately caused the following damages:

(a) Statutory damages pursuant to Truth in Lending Act   $2,000.00

(b) Actual damages pursuant to Truth in Lending Act   $83.50

(c) Actual damages under state law claims   $4,579.24[3]

---

[3] Ms. Griffin sought damages arising from the trade-in of her 2010 Mustang but offered no evidence in support of this claim. Accordingly, the court did not award damages for this portion of her claim.

In addition, Ms. Griffin's attorneys' fees and costs of litigation are statutorily recoverable under both the Truth in Lending Act, 15 U.S.C. § 1640(a)(3), and Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(2). The court has reviewed both the affidavit and time records of Ms. Griffin's attorney, Thomas C. Donald. (Doc. 29-2). The court finds Mr. Donald's hourly rate of $350.00 is customary in cases of like difficulty. *See Varner v. Century Finance Co., Inc.* 738 F.2d 1143, 1148 (11th Cir. 1984). The court further finds that the number of hours expended on this matter were reasonable. Therefore, the court awards fees in the amount of $14,157.50. The court also awards costs in the amount of $400.00 for the filing fee in this case. (*See* Doc. 29-1 at 3 ¶ 5).

Finally, Ms. Griffin seeks an award of $5,000 for mental anguish and $25,000 in punitive damages. (Doc. 29 at 15). Under Alabama law, mental anguish damages are recoverable for both fraud and conversion actions. *See Ford Motor Co. v. Burkett*, 494 So. 2d 416, 418 (Ala. 1986); *Williford v. Emerton*, 935 So. 2d 1150, 1155 (Ala. 2004). Here, Ms. Griffin presented testimony that she was embarrassed by her purchase. Although an Alabama plaintiff does not need to prove the presence of a physical injury or symptoms to recover for mental anguish, the plaintiff must present at least some evidence of mental anguish. *Kmart Corp. v. Kyles,* 723 So. 2d 572, 578 (Ala. 1998). In this case, Ms. Griffin has offered very little direct evidence regarding the degree of suffering she has experienced. In the absence of additional

evidence, the court finds that Ms. Griffin's testimony does not support an award for mental anguish.  *See id.* at 579 (citing *Foster v. Life Ins. Co. of Georgia,* 656 So. 2d 333, 337 (Ala. 1994)).

The court reaches a different conclusion on the issue of punitive damages. Ms. Griffin has established every element of the cause of action for fraud.  And there is ample evidence that ESA not only defrauded Ms. Griffin but also completely ignored Ms. Griffin's attempts to resolve the dispute—both in and out of court. Based on the foregoing, the court finds that there is sufficient evidence to support an award of punitive damages.  The court further finds that an award of $10,000 will accomplish society's goals of punishment and deterrence.  Accordingly, the court awards $10,000 in punitive damages to Ms. Griffin.

### III.      CONCLUSION

The court **GRANTS IN PART** and **DENIES IN PART** Ms. Griffin's motion for default judgment.  The court **GRANTS** the motion and **WILL ENTER DEFAULT JUDGMENT** in favor of Ms. Griffin and against ESA on her claims of violations of Truth in Lending Act (Count One), breach of contract (Count Two), negligence (Count Three), fraud (Count Five), breach of express warranty (Count Six), breach of the implied warranties of merchantability and fitness for a particular purpose (Count Seven), and violations of the Magnuson Moss Warranty Act (Count Eight).  The court **DENIES** the motion on Ms. Griffin's claims of recklessness or

wantonness (Count Three); negligent hiring, negligent supervision, or negligent retention (Count Four); and revocation of acceptance (Count Nine).  The court **WILL AWARD** Ms. Griffin damages in the amount of $31,220.24.

The court will enter a separate final judgment in accordance with this memorandum opinion and order.

**DONE** and **ORDERED** this August 17, 2020.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE